*State v. Living Essentials, LLC*, No. 443-7-14 Wncv (Teachout, J., June 10, 2019).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                               **CIVIL DIVISION**
**Washington Unit**                                              **Docket No. 443-7-14 Wncv**

**STATE OF VERMONT**
    **Plaintiff**

    **v.**

**LIVING ESSENTIALS, LLC, and**
**INNOVATION VENTURES, LLC**
    **Defendants**

### DECISION
### Defendants' Motion for Summary Judgment (MPR 100)

The State is pursuing consumer protection claims against Defendants for false claims in their advertising and promotional material for the product "5 hour energy drink."  There are four separate claims, with each claim apparently related to some, but not all, of the advertisements allegedly presented to Vermont consumers.  Defendants seek summary judgment apparently as to all pertinent advertisements on the basis of four *topics* that may be stated broadly as follows: (1) the representations in the ads are not material to the consumers' decisions to buy the product; (2) the State's Count I and II claims are not actionable because the representations relate to subjective responses of consumers that cannot be measured objectively; (3) the State's no-crash claim fails as a matter of law because the State has not come forward with any evidence that Five Hour Energy causes a crash; and (4) there can be no claim based on the sale of decaffeinated Five Hour Energy because there is no evidence that any of Defendants' decaffeinated product ever was sold in Vermont.

Defendants take care to note that they are not at this time addressing the issue of whether the court will apply the substantiation doctrine, which would require them to have factual substantiation for the representations they make, out of deference to the court, which has consistently indicated that analysis of the applicability of the substantiation doctrine should await the full evidentiary context of trial.  Defendants are apparently claiming they are entitled to summary judgment even if the substantiation doctrine were to be adopted as a matter of law.

Summary judgment is a means of ruling on claims as a matter of law where there are undisputed facts.  In this case, the court cannot conclude that it is an undisputed fact that the ads are not material to consumers' decisions, nor that they appeal solely to subjective criteria, without an understanding of the context of the representations, which requires the presentation of evidence.  It is not at this time clear what the State would have to prove regarding the no-crash claim, and again, context evidence is relevant in the evaluation of any representations concerning that claim.  As to whether there were ads in Vermont regarding the decaffeinated version of the product, the State's response indicates that it has evidence from which presentation of representations in Vermont may be strongly inferred.

"[T]here is no provision in Rule 56 itself or in the Advisory Committee Note for the special handling of a motion for summary judgment in complicated cases or suits that involve important public issues." 10B Wright & Miller et al., Federal Practice & Procedure: Civil 4th § 2732. Nevertheless, sometimes the more complete factual record available at trial is desirable regardless that a record minimally sufficient to support summary judgment according to the rule may be available. In an important 1948 case presenting "far-reaching issues" of national consequence, the U.S. Supreme Court explained as follows:

> We consider it the part of good judicial administration to withhold decision of the ultimate questions involved in this case until this or another record shall present a more solid basis of findings based on litigation or on a comprehensive statement of agreed facts. While we might be able, on the present record, to reach a conclusion that would decide the case, it might well be found later to be lacking in the thoroughness that should precede judgment of this importance and which it is the purpose of the judicial process to provide.

*Kennedy v. Silas Mason Co.*, 334 U.S. 249, 257 (1948), cited in 10B Wright & Miller et al., Federal Practice & Procedure: Civil 4th § 2732.

The issues presented in this case raise numerous highly nuanced questions of mixed law and fact. As with the overarching question of substantiation, the court is not persuaded that it is best capable of addressing the issues currently presented to it on the current summary judgment record and instead will defer further consideration of the matters raised until trial, when it will be able to make findings of fact based on a more thorough presentation of the evidence.

ORDER

For the foregoing reasons, Defendants' Motion for Summary Judgment is denied.

Dated at Montpelier, Vermont this _____ day of June 2019.

_____
Mary Miles Teachout
Superior Judge

2